**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

VIRGIL E. JOHNSON, JR.,

     Plaintiff,

vs.

ANNETTE CHAMBERS-SMITH, *et al.*,

     Defendants.

:   Case No. 2:25-cv-1409
:
:
:
:   Judge James L. Graham
:   Magistrate Judge Kimberly A. Jolson

## REPORT & RECOMMENDATION

This matter before the Court is Plaintiff's failure to respond to a deficiency order. For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED** for failure to prosecute.

### I.     BACKGROUND

Briefly, Plaintiff, who proceeds *pro se*, filed a motion for leave to proceed *in forma pauperis*, the first three pages of the Court's form complaint, a motion to appoint counsel, and a request for production of documents. (Doc. 1). On December 15, 2025, the Court entered a Deficiency Order requiring Plaintiff to file a completed Complaint in thirty days. (Doc. 4). Plaintiff was advised that failure to comply with the Order would result in the dismissal of his case for want of prosecution. (*Id.*). Plaintiff sought, and the Court granted, a sixty-day extension to comply with the Deficiency Order. (Docs. 5, 6). To date, Plaintiff has failed to comply with the Court's Order.

### II.     DISCUSSION

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also*

*Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* support dismissal. First, despite being afforded a total of ninety days to do so, Plaintiff failed to file a complete Complaint as ordered. The Court initially provided Plaintiff with thirty days to address the issues it identified and then granted Plaintiff's request for an additional sixty days. (Doc. 4). Plaintiff to comply or otherwise move for an extension of time to comply. What's more, because the Deficiency Order informed Plaintiff his case cannot proceed without a complete Complaint, Plaintiff has effectively brought this case to a halt. This demonstrates, to some extent, Plaintiff has "a reckless disregard for the effect of [his] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

2

Since no Defendant has been served, there is little risk of prejudice.  But the remaining factors also weigh in favor of dismissal.  As described above, the Court warned Plaintiff that his failure to comply may result in the Court dismissing his action. (Doc. 4).  Further, the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings.  *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation . . ." outweigh allowing this case to linger.  *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

## III.    CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's Amended Complaint (Doc. 1-1) be **DISMISSED** for failure to prosecute.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date:  March 31, 2026                                    /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE